Good morning. May it please the Court, my name is Katherine Davis on behalf of Petitioner Donald Ray Hill. Petitioner Hill, a 47-year-old man who is currently serving a sentence of 40 years to life pursuant to California's three-strikes law, pleaded guilty on advice of counsel to a single count of attempted residential burglary after he was seen removing the screen from an apartment window and breaking a $20 pane of glass. The principal issue presented in this case is whether in failing to obtain and submit at sentencing, a court-ordered psychological report which clinically diagnosed Hill as suffering from polysubstance dependence, and in convincing Hill to waive the admission of that report, Hill's counsel rendered constitutionally defective assistance. Counsel, could you tell us what you think is in that report that was not otherwise before the judge? Yes. As you've pointed out, the critical issue here turns on the mitigating content of the report and whether it was cumulative, as the district court determined. Hill submits that. Well, the problem with the report, as I look at it, is that, sure, there's some mitigation in there, but there's also some very damning language in that report. Can you explain? Well, when he says that he's likely to reuse cocaine, there is no underlying mental deficiency, passages like that. Well, I would submit that that could be the case, but I think that the central issue is whether and to what extent this report is cumulative without other evidence in the record. So you don't want to tell Judge O'Scanlan why that is not damaging? Well — Like the fact that he's going to use cocaine unless he gets cured and treated, and he's never been treated. I would argue that that actually is a mitigating factor or could have been construed by the sentencing court to be a factor of mitigation. What Dr. Maloney actually says supports the mitigation argument to the extent he says that if Mr. Hill is forced to go back to prison and receive treatment there, he'll likely re-offend upon release. Rather, he recommends Mr. Hill as being an appropriate candidate for rehabilitation and further states that he should be treated in a residential treatment program rather than in prison. So I would argue that actually that is a mitigating factor. And it stands in stark contrast to Dr. Goldstein's opinion, which states that it's not even clear whether Mr. Hill would have been amenable to treatment. Well, he says in the — I think what Judge O'Scanlan is focusing on is the penultimate paragraph on ER-76, and he does say he appears to be an appropriate candidate for a residential program and that if he goes to the — goes to prison at one of the typical facilities, this would do little to aid in his rehabilitation and so on. But he says if he is sent to the California Department of Corrections, I would strongly recommend consideration of a facility such as the one at Narco, there's a drug abuse program there, it's not as effective as some of the more intensive programs that are community-based. So you're saying that if that nuance was added to the — was it Goldstein or the lay — The lay testimony. — lay testimony and to a judge who was clearly focused on the substance abuse and understood that that would have tipped it, and that's enough — that this report would have tipped him over and had him opt for a — a prison. Exactly. I mean, it's — the argument is simply that it's not cumulative for three reasons. Number one, it's far more comprehensive. Although it may contain some damaging or conceivably damaging information, it does contain mitigating factors concerning his unstable and traumatic upbringing, instances of early childhood sexual abuse, his alcoholic father, the early onset of his disease, et cetera. It's also, as we point out in the briefs, the only clinically — clinical diagnosis from an examining expert. As you pointed out, Mr. Goldstein is a lay person. He's not an examining expert. Mr. — Dr. Maloney, in contrast, proffered a clinical diagnosis of polysubstance dependence, which, by definition, implicates a clinically significant impairment and involves the inability — the inability to cut down or control substance abuse, continued — and continued use of — of drug and alcohol — drugs and alcohol despite knowledge of recurring physical or psychological problems. This was particularly significant because, as we pointed out in the briefs, the sentencing court based its sentence in large part on its assumption that Mr. Hill had a choice in continuing his drug and alcohol abuse and that he had a choice to continue engaging in criminal conduct. The court pointed out on several occasions that he perceived Mr. Hill to be weak, that he was an educated man who had sustained employment for a period of years, and that had he not chosen to give in to his disease, he wouldn't be in the position he is today. And the expert opinion, again, which is the only clinical diagnosis, is the only evidence that actually refutes that assumption, that Mr. Hill was not, in Dr. Maloney's view, capable of controlling his substance abuse. He was not capable of changing his life, of taking advantage of treatment programs which might otherwise have been available. So I think that's the central way in which Dr. Maloney's report is different from the other evidence that was submitted in litigation and also central to refuting the sentencing court's central assumption. To what extent should we take into account our evaluation of whether this judge, given what he said, would have changed his mind had he seen the report, as opposed to looking objectively at whether the report might change the mind of a reasonable person without regard to the individual views of the judge? Well, that's a very good question. Thank you. I would argue that one can't ignore the position of this judge. I mean, typically one would want to look objectively and sort of do an objective analysis, but this judge did go out of his way on several occasions to say he intended to rely on the court, pardon me, on Dr. Maloney's report. He gave counsel several opportunities to submit the report, several opportunities to offer additional factors in mitigation. He recognized at one point what he perceived to be the significance of the report, namely that it would link the substance abuse with the criminal activity rather than just stating the fact of the abuse. It would describe the meaning and the consequences of the abuse. So I would argue that that can't be ignored. This court did state on several occasions its reluctance to impose a maximum sentence and its expectation that it would rely on this report and its expectation of what was going to be in the report and which was ultimately in the report. Going back to the first question, how is this not cumulative, I would also just expand on that a bit. Yes, the fact of Hill's drug use was presented to the court. The court was fully aware that he used drugs. The critical question here is whether the court was aware of the meaning and the consequences of that drug use. Again, the relationship between the criminal activity and the drug use and Mr. Hill's ability to control that abuse and to change his life, which, again, the trial court assumed in the absence of facts to the contrary, that he could not and imposed reluctantly a sentence of life effectively. Do you want to save a minute or two for rebuttal? Thank you. Good morning, Your Honors. Deputy Attorney General Tom Schill on behalf of Respondent, Warden of the Mail. I would just like to emphasize a couple of points to this court. Number one is that in evaluating this claim of ineffective assistance of counsel, the appropriate standard of review is that under the Anti-Terrorist Act,   under which habeas relief cannot be granted unless the court feels rejection of the ineffective assistance of counsel claim was contrary to or an unreasonable application of the Strickland test. Is that a new standard? No, it's not a new standard. Thank you for reminding me. I just wanted to remind the court. I haven't heard that one before. I just wanted to remind the court that that's the standard here. And under that standard, certainly the trial court, I mean, it's not the trial court, the court of appeals ruling was not unreasonable or contrary to the Strickland test. And the main reason, as noted, is that Dr. Maloney's psychological report was cumulative of other evidence. Not only was it cumulative, Dr. Maloney's report, number one, concluded that Petitioner had no mental problem. Number two, it talked about, Dr. Maloney talked about Petitioner having a drug problem and he also discussed the fact that Petitioner never had a chance to participate in a drug rehab program. And that, and finally, that in terms of cumulativeness, that if he participated in a rehab program, it would be beneficial to him. Those same facts are presented in Jay Goldstein's report and those same facts are also presented in the report, the letter of the parole, I believe it's the parole official, Wilton Jones. Aside from that, the trial court here, not only was it cumulative as to these respects regarding drug abuse and the rehab program, but aside from that, the trial court accepted as true those facts. So the only additional evidence, additional facts in Dr. Maloney's report regarded two instances of child, of possible childhood sexual abuse. And I would just, as to that, as to that point, I would just like to remind this Court that the Strickland test is a but-for test. Here, Petitioner didn't need to, apart from the report, he could have testified himself that regarding any childhood sexual abuse or any childhood problems. And the trial, under the Strickland test, the test is but-for, the failure to present that report to Dr. Maloney, whether there's a reasonable probability that he would have received a better result. So basically, I would just like to emphasize to this Court as to that childhood problems prong or possible additional evidence in the report that Petitioner could have presented that evidence apart from the report. And he did also speak at his sentencing as well, but he didn't mention it. One other element of Dr. Maloney's report that was a little bit more comprehensive than the other evidence was he talks about, that arguably might be more comprehensive, is about Petitioner's history. But also, Jay Goldstein's report includes the same things that Dr. Maloney's report is talking about. For example, in college, he suffered a knee injury and had to lose his scholarship. And that's in Dr. Maloney's report, and that's also in Dr. Goldstein's report as well. Do you have any doubt that this counsel was ineffective, at least in his performance, aside from whether it was prejudicial? First of all, that prong of the Strickland test is not properly before this Court. Is that a hard question for you to answer? Do you have any doubt? I didn't ask you whether it was before the Court, did I? Well, basically, if you take a look at the reporter's transcripts, a reasonable inference is that trial counsel was aware of the substance of Dr. Maloney's report. He basically said at the sentencing hearing that we were willing to waive that report because we feel that this is more – because it doesn't really establish a mental problem, but this is more of a drug-infused problem. He didn't say he thought it was already before the Court, and that's why he didn't introduce it? He did say that. He mentioned that, right? He did say that. He believed that Dr. Maloney mailed the report in, but he failed to ensure that that report was actually received by the trial court. All right. I was just curious as to how you'd answer that question. It's not a surprise. Thank you. Unless the Court has any other questions, I just wanted to submit thank you. Thank you. I think that we've covered everything, and we can stand on the briefs. I would just emphasize in closing that this Court has held in previous cases that Petitioner doesn't need to prove by preponderance of the evidence that there's – that but for counsel's deficient performance, the results of the proceeding would have been different. Rather, we just have to show a reasonable probability. This Court has further held that weak prejudice is prejudice nonetheless for the purposes of the constitutional inquiry. And here, based on the Court's wide discretion to strike prior convictions, this Court's stated reluctance to impose a maximum sentence and desire to rely on the expert report and the mitigating clinical diagnostic evidence in Dr. Maloney's report, we submit that it's reasonably probable that had the Court had before Dr. Maloney's report, he would have exercised its discretion to strike prior convictions and avoid the imposition of a life sentence. Let me just ask you one. Is this a case in which you have a motion for us to take judicial notice? Yes. Of the lawyers. Was he disbarred? He was suspended twice. Okay. Suspension was stayed. I think we have that motion under advisement also. Thank you. The case just argued will be submitted. The next case on the calendar is Kennedy v. Lockyer. Good morning. My name is Jeff Price. May it please the Court, ladies and gentlemen. Tishler is serving a 25-to-life prison sentence. He had two prison priors and two strike priors. He's entitled to issuance of a writ of habeas corpus by this Court because the State Court, the last reasoned decision of the State Court was contrary to an unreasonable application of a clearly established constitutional law that was set forth by the United States Supreme Court in Griffin v. Illinois, 1956, and Britt v. North Carolina in 1971 when that Court found at excerpts of record, page 6, that not providing Tishler with a complete transcript of the prior mistrial that occurred approximately six months before the trial, which resulted in his sentence of life in prison, was appropriate. Specifically, the State Court... Excuse me. Assuming that there was a... It was clearly established, as you say, it was either under that prong or unreasonable application. If we were to get to harmless error, what would your argument be as to why this wasn't harmless error? It's structural error. So you're saying it's per se, you don't have to show any kind of prejudice whatsoever. Yes. And what's your authority for it being structural error? I'm relying on Britt, Your Honor. I'm saying that the rule established by Britt states that no one need make a showing of particularized need for any part of the transcript. Now... Does it say for any part, or does it say if you don't get a transcript at all, you don't have to show particular error? Does it say if you omit a portion of the transcript, you don't have to make a showing? It essentially says that there's a presumption of no need to show particularized need. But then it says that the Court has identified two factors that are relevant to the determination of need. The value of the transcript to the defendant in connection with the appeal or trial for which it was sought and the availability of alternative devices that would fulfill the same functions as a transcript. Such is the case in Britt, where, in fact, there was no reversal because the second trial occurred about one month after the first trial. It was the same attorney. It was the same court reporter. So the U.S. Supreme Court did not reverse based on their... Well, let's assume you had to show... Let's assume you lose on the first argument, that it's automatic reversal, and you had to show why it was prejudicial. What would your argument be? He was only provided with the testimonial portions of the first transcript. He was not provided with any opening statements. He was not provided with argument of the prosecution. He was not provided with jury instructions. He was not provided with rulings of the Court. He did not have the same attorney. In the interim, first of all, he was on bail during the first trial. He was taken into custody after that. He was then representing himself where he made... He renewed the motion for a complete transcript when he was representing himself. And I want to point out one thing as an aside that the State court states, and I believe the district court relies on in trying to uphold this ruling, that there was, quote-unquote, acquiescence by the initial... by the counsel... to do with how you feel the failure to get the list of things you have just identified, how it affected the outcome of the trial. That's the question. What is the prejudice? Not did he waive it, not what is the list, but how did it affect it? His second counsel had been assigned to the case approximately one month before the trial commenced. He was advisory counsel. On the day of trial, which was October 25, 1996, the court allowed Mr. Kennedy to waive his self-representation rights and the new counsel started representing him. So the new counsel had only the testimonial portions of the transcript. He had no opening statement by the prosecution, no argument, etc. So he had no roadmap for the trial. Yeah, but this... The issue... The only issue that's been raised is this juvenile conviction. Isn't that right? I... In other words, what is it in the... In a full transcript that was so crucial to this particular trial, the second trial? In hindsight, we might be able to argue that something was not as important, but going into the trial, this case was about... Mr. Kennedy stands convicted of life imprisonment, stands sentenced to life imprisonment for selling a substance in lieu of a controlled substance. So... What has the transcript got to do with that? The transcript is going to show what the opening statements of the prosecution are, what the prosecution's theory is, what the prosecution's arguments were. It's a virtual roadmap to what the prosecution's theory of the case is. So if the new counsel had had that, he would be much better equipped... Well, that's true. I mean, I think one can assume that more information is better than no information or some information. So let's accept that premise. Is there anything you can point to that occurred in the second trial? There was a mistrial on the first one, right? Yes. So in the second trial, was there something that you can point to where it's clear that had he had the full trial transcript, he would have avoided some prejudicial episode? Not as I stand here, but I will say... Well, then maybe you should sit down for a while and on rebuttal, maybe you can figure out your case. I will say that in Griffin, the court said that there can be no... There can be no justice where the type of trial that a person has is based on how much money he has. I'll reserve the balance. Good morning, Your Honors. Anthony DeSilva, Deputy Attorney General. For the respondent, Bill Lockyer. May it please the Court. Grit does not hold that you have structural reversible error per se. In fact, this Court has held that it's subject to a harmless error analysis. Not only that, the state courts and the district court found that there was no prejudice established at any level. So unless the Court has any questions, I believe that there is... Yes, I have a question. Yes, Your Honor. There was gang testimony at the second trial and not at the first. Right? I believe that's correct, Your Honor. And at the first trial, the district court excluded references to his membership in a gang. Right? I believe that's correct, Your Honor. Yes. And that was done at a pretrial hearing with a motion and that part of the transcript was not furnished for the second trial. Right? I believe that's correct, Your Honor. And as a result, the lawyer was not aware of the issue and didn't object and the evidence was admitted. Right? Yes, Your Honor. And we have a number of cases that establish how prejudicial the introduction of gang testimony is. Right? Yes, Your Honor. Okay. Depending on the nature and the circumstance of the gang testimony that is introduced. Well, in this case, it was introduced gratuitously by the deputy district attorney asking for an elaboration on what "'cause' meant. Right? Yes, Your Honor. But I believe it was limited to the definition of what "'cause' meant or could have meant. Well, what was it relevant to? I believe it was it may have been relevant to the area and the drug sales and drug transactions. The fact that he was part of a gang. Right? Yes, Your Honor. There's a minute order which was entered in the first case that said there will be no mention of gangs or gang affiliation unless clearly unless cleared by the court out of the presence of the jury. That came after the hearing on which it was made clear of the prejudicial nature of gang testimony. Did the same district attorney W.D.D.A. Clavy try the second trial? I am not sure, Your Honor. Well, if the first judge thought it was prejudicial why shouldn't we just assume therefore that prejudice is established since in the second trial counsel A. didn't know about the issue didn't know about the prior ruling and presumably the state did and yet in the face of that prior minute order the state went ahead and let its witness in fact invited its witness to go ahead and inject the issue of gangs. Why isn't that sufficient to establish error? I believe it's not sufficient to establish error, Your Honor because again the question is whether the provision of the entire transcript was required. Now there could have been other means to obtain Well isn't the presumption that the transcript should be required isn't it the burden of the state to come forward under the clearly established law and show that they could have gotten the information through alternative sources was there any showing by the state of that? No and none was required Your Honor because the entire transcript of the testimony was presented sufficient to allow preparation for it. Well how do you how do you know that? There's Supreme Court statements that say that particularly after a prior missed trial the transcript is important to have the road map as counsel was arguing so what he got was the trial testimony. Are you saying that in preparation for retrial and it's a new deputy DA that the deputy wouldn't have looked at the entire transcript and looked at the opening and close to see what his opponent was going to be arguing wouldn't have looked at the prior motions to see how he might avoid a missed trial on the second round? Yes Your Honor I bet he would I bet if he were confident he'd go through everything in that record to avoid a missed trial the second time around learn from the mistakes of the first. So don't you think the defendant would want to be in the same position? They got a missed trial on the first one he'd like to find out what it was what was the strategy what was surfaced what was suppressed so how can we sit here and say oh well you know the substantial compliance it's enough to get the trial testimony I wouldn't if I were taking  from another attorney on a second trial be content not to have at least the closing arguments how many times have you argued that it was harmless error because it was because we didn't argue to the jury if you look at the closing arguments we didn't honorable members of the court we didn't argue this look at the closing arguments see what was argued so yes your honor but it's also possible that the counsel who took over the second case could have discussed the matter with could have but whose burden is it to show that isn't it the state's burden to show that there are alternative means it is your honor but I think in this case I don't think that was ever requested the initial trial counsel said it's fine with what he was or she was getting as far as the entire record and then the second counsel didn't make that request either and so it must have been satisfied with the transcript that was provided and again I don't believe in the overall human things especially I thought Kennedy requested it didn't Kennedy request it he was self-represented I want the full record Kennedy requested it your honor and then he was relieved of self-representation apparently on the first day of trial right yes was there a further request there was no further request your honor Kennedy's new counsel did not request it no your honor the record doesn't show that Kennedy's counsel and when did the new counsel appear when was he the new counsel was actually advisory counsel your honor so he was actually sitting in the proceedings so he was actually aware the court had already denied the request yes your honor and was present when it was denied yes your honor okay but again I believe for the reasons that the district court found that bridge doesn't go as far as the petitioner claims it goes and that there was no prejudice that was shown or presented to any of the courts thank you counsel thank you your honor I apologize to the court for missing that here argument by the gang testimony that that is one of the main issues that that's what I was referring to when I asked you that question earlier I misspoke in terms of the conviction but it's the gang affiliation issue yes your honor or I developed that what what would you do with it it should have been stricken it should have been law of the case that gang evidence should have been law of the case the prior ruling by the court on the admissibility of gang evidence should have held forth in the second trial there should have been no such evidence admitted it seems to be the most you can say is that if counsel were attuned to that particular point he might have raised it in this in the second trial I don't see how you can get law of the case out of the first trial but in terms of at least raising the issue for the benefit of your client you could have raised it and then the new judge may or may not have given the same instruction he could have raised it he could have anticipated it he could have anticipated the prosecution's questioning and perhaps filed a motion in limine or had a hearing outside of the jury I would like to respond to one thing that was asked with respect to the new counsel whether or not he had the transcript on the hearing where the court revisited the issue of the transcript and found that Mr. Kennedy had gotten the testimonial portions and that no additional transcript could be provided thank you counsel thank you case just argued
judges: Reinhardt, O'scannlain, Fisher